UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

          Plaintiff,

   v.

JAY R. INSLEE, *et al.*,

          Defendants.

Case No. C23-1171-BHS-MLP

REPORT AND RECOMMENDATION

      Plaintiff John Robert Demos, Jr., a state prisoner, has filed a proposed complaint under 42 U.S.C. § 1983, a proposed motion to proceed *in forma pauperis* ("IFP"), and a proposed motion for appointment of counsel. (Dkt. ## 1, 1-1, 1-2.)

      Plaintiff's proposed complaint generally alleges that Defendants Washington State Governor Jay Inslee, Washington Attorney General Bob Ferguson, Director of the Washington Department of Corrections ("DOC") Robert Herzog, DOC Secretary Cheryl Strange, the DOC Inspector General, Superintendent of the Washington State Penitentiary ("WSP") Robert Jackson, the Washington State Legislature Speaker of the House, the Washington State Lieutenant Governor, and the Washington State Legislature Senate Majority Leader are all responsible for various issues relating to his and other prisoners conditions of confinement at

REPORT AND RECOMMENDATION - 1

1  WSP. (*See* dkt. # 1-1 at 2-13.) In sum, it appears Plaintiff's proposed complaint alleges several
2  deficiencies in his conditions of confinement at WSP regarding: (1) denial of court access; (2)
3  theft of property during cell searches; (3) unclean drinking water; (4) lack of medical and mental
4  health services; (5) poor quality of food, and/or food contamination and poisoning; (6) lack of
5  mental health televisions; (7) insufficient mental health workers; (8) discriminatory parole
6  practices and procedures; (9) discriminatory classification decisions; (10) overcrowding celling
7  practices; (11) overpriced commissary store items; (12) "slavery-type" job wages; (13) lack of
8  guard rails or screens on the top tiers of WSP; (14) denial of exercise; and (15) exposure to
9  harmful substances, including tobacco smoke, and a lack of ventilation. (*Id.* at 14-15, 34.) Per his
10 proposed complaint, Plaintiff seeks to be the lead plaintiff in a class action against named
11 Defendants regarding his alleged claims. (*See id.* at 6-15, 20, 22, 27-28, 31, 35-38.)

12          Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing
13 bar orders in a number of courts, including this Court, the Eastern District of Washington, the
14 Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme
15 Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Because of Plaintiff's history as an
16 abusive litigant, he is permitted to submit only three IFP applications and proposed actions each
17 year in this Court. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992)
18 ("1992 Bar Order"); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D.
19 Wash. Dec. 15, 1982). In addition, because Plaintiff has acquired more than three "strikes" under
20 28 U.S.C. § 1915(g), he may not proceed IFP unless he plausibly alleges that he faced imminent
21 danger of serious physical injury at the time he filed his complaint. *See Demos v. Lehman*,
22 MC99-113-JLW (W.D. Wash. Aug. 23, 1999); *see also Andrews v. Cervantes*, 493 F.3d 1047,
23 1055 (9th Cir. 2007).

REPORT AND RECOMMENDATION - 2

1       The Court observes that Plaintiff has already exceeded his annual limit of IFP

2 applications and proposed actions for this year. *See, e.g.*, *Demos v. Scalise*, C23-40-BJR (W.D.

3 Wash.); *Demos v. McCarthy*, C23-56-BJR (W.D. Wash.); *Demos v. Fricke, et al.*, C23-5156-

4 TSZ (W.D. Wash.); *Demos v. United States District Court*, C23-5157-JCC (W.D. Wash.);

5 *Demos v. United States of America, et al.*, C23-768-TL (W.D. Wash.). Moreover, Plaintiff's

6 proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of

7 serious physical injury at the time of filing." *Andrews*, 493 F.3d at 1055. Specifically, Plaintiff

8 fails to connect any of the named Defendants to an allegation that he faced imminent physical

9 harm at the time of filing. He also fails to allege with specificity any recent harm that he has

10 personally suffered at WSP, omitting any dates, places, or individuals involved.

11       Based on the foregoing, this Court recommends that Plaintiff's proposed complaint (dkt.

12 # 1-1) and this action be DISMISSED without prejudice, and that Plaintiff's IFP application (dkt.

13 # 1) and proposed motion for appointment of counsel (dkt. # 1-2) be DENIED as moot. A

14 proposed Order accompanies this Report and Recommendation.

15       Objections to this Report and Recommendation, if any, should be filed with the Clerk and

16 served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

17 and Recommendation is signed. Failure to file objections within the specified time may affect your

18 right to appeal. Objections should be noted for consideration on the District Judge's motions

19 calendar for the third Friday after they are filed. Responses to objections may be filed within

20 **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be

21 ready for consideration by the District Judge on **August 25, 2023**.

22       The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and

23 to the Honorable Benjamin H. Settle.

1  Dated this 44th day of August, 2023.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4